UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ODESSA L. MICLAT,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., CENTRAL FISCAL SERVICE, LLC, and DOES 1-10,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:22-cv-01680-LL-AHG<br><br>**ORDER GRANTING JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE**<br><br>**[ECF No. 8]** |

　　　Before the Court is the parties' Joint Motion to Continue the Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") currently set for January 13, 2023. ECF No. 8.

　　　Parties seeking to continue an ENE must demonstrate good cause. ECF No. 6 at 4 ("An ENE may be rescheduled only upon a showing of good cause"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see, e.g.*, Fed. R. Civ. P 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"); Fed. R. Civ. P 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent").

1

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, the parties state that counsel for Defendant Central Fiscal Service, LLC is unavailable to attend the ENE due to a previously scheduled trip, and counsel for Defendant Experian Information Solutions, Inc. is also unavailable at the appointed date and time due to a previously calendared scheduling conference in the Central District of California. ECF No. 8 at 2.

Good cause appearing, the Court **GRANTS** the Joint Motion. The ENE and CMC are hereby **CONTINUED** to **February 2, 2023** at **2:00 p.m.** before Magistrate Judge Allison H. Goddard.

In accordance with the Local Rules, the Court requires attendance of all parties, party representatives, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation via videoconference. CivLR 16.1(c)(1).

The following **Mandatory Procedures** shall govern the ENE:

1. **Purpose of the Conference:** The purpose of the ENE is to permit an informal discussion between the attorneys and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. All conference discussions will be informal, off the record, and confidential.

2. **Full Settlement Authority Required:** A party or party representative with **full and complete authority to enter into a binding settlement** must be present via videoconference or immediately available to join. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*,

216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). **A person who needs to call another person who is not present on the videoconference before agreeing to any settlement does not have full authority.**

      3.    **Confidential ENE Statements Required:**  No later than **January 27, 2023**, the parties shall submit confidential statements of five (5) pages or less directly to the chambers of Magistrate Judge Goddard outlining the nature of the case, the claims, and the defenses. **These statements shall not be filed or served on opposing counsel.**  They shall be lodged via email at efile_goddard@casd.uscourts.gov. The ENE statement is limited to **five (5) pages or less, and up to five (5) pages of exhibits or declarations.**  Each party's ENE statement must outline:

      A.    the nature of the case and the claims,

      B.    position on liability or defense,

      C.    position regarding settlement of the case with a **specific**[1] **demand/offer for settlement**,[2] and

      D.    any previous settlement negotiations or mediation efforts.

      4.    **Case Management Conference:** In the event the case does not settle at the ENE, the Court will immediately thereafter hold a Case Management Conference ("CMC") pursuant to Fed. R. Civ. P. 16(b). Appearance of the parties at the CMC is not required. The Court orders the following to occur before the CMC:

      A.    The parties must meet and confer pursuant to Fed. R. Civ. P. 26(f) by

---

[1] A general statement, such as that a party "will negotiate in good faith," is a <u>not</u> a specific demand or offer.

[2] If a specific demand or offer cannot be made at the time the ENE statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated.  Further, the party must explain when they will be in a position to state a demand or offer.

       **January 12, 2023**.

B.   The parties must file a Joint Case Management Statement by **January 23, 2023**. The Joint Case Management Statement must address all points in the "Joint Case Management Statement Requirements for Magistrate Judge Allison H. Goddard," which can be found on the court website at: https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Joint%20Case%20Management%20Statement%20Rules.pdf.

C.   Initial disclosures pursuant to Rule 26(a)(1)(A-D) must occur by **January 26, 2023**.

5.   **Appearances via Videoconference Required:** As before, the ENE and CMC shall take place via videoconference using the Court's official ZoomGov account. The parties are instructed to review the Court's prior Order setting the ENE and CMC (ECF No. 7) for technical guidance regarding the use of Zoom, if needed.

No later than **January 27, 2023**, counsel for each party shall send an email to the Court at efile_goddard@casd.uscourts.gov containing the following:

    i.   The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

    ii.   An **email address for each participant** to receive the Zoom video conference invitation;

    iii.   A **telephone number where each participant** may be reached; and

    iv.   A **cell phone number for that party's preferred point of contact** for the Court to use during the ENE to alert counsel via text message that the Court will soon return to that party's Breakout Room, to avoid any unexpected interruptions of confidential discussions.

All named parties, party representatives, including claims adjusters for insured defendants, as well as principal attorney(s) responsible for the litigation must attend the ENE via videoconference. All who attend the ENE must be legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be subject to immediate imposition of sanctions.

At least one day before the ENE, the Court will email each participant an invitation to join a Zoom video conference. If possible, participants are encouraged to use laptops or desktop computers for the videoconference, as mobile devices often offer inferior performance. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. Zoom will then prompt participants to enter the password included in the invitation. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the videoconference.

All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person. For example, participants may not be driving while speaking to the Court, and all participants shall appear and conduct themselves as if proceeding in a courtroom, including by dressing in appropriate courtroom attire.

If the case does not settle during the ENE, the Court will hold the CMC immediately following the ENE with counsel only in the main session.

6. **Requests for Continuances:** An ENE may be rescheduled only upon a showing of good cause and adequate notice to the Court. Absent extraordinary circumstances, requests for continuances will not be considered unless submitted **in writing** no less than seven (7) days before the ENE. All requests for continuances must be made by a joint motion. The request must state:

    A.    The original date;

    B.    The number of previous requests for continuances;

        C.      A showing of good cause for the request;

        D.      Whether the request is opposed and why;

        E.      Whether the requested continuance will affect other case management dates; and

        F.      A declaration from the counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met.

      7.      **The failure of any party to follow these mandatory procedures shall result in the imposition of sanctions.**

      8.      Questions regarding this case or these mandatory guidelines may be directed to Judge Goddard's law clerks at (619) 557-6162. Lodged statements should be emailed to efile_goddard@casd.uscourts.gov.

      **IT IS SO ORDERED.**

Dated: November 29, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge